IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**RICO ELTJUAN DRAKES,**         }
                                 }
    **Plaintiff,**           }
                                 }
**v.**                           }     Case No.:  2:10-CV-2659-VEH
                                 }
**GLENWOOD, INC.,**              }
                                 }
    **Defendant.**           }

## MEMORANDUM OPINION

### I.    INTRODUCTION

The plaintiff in this job discrimination lawsuit, Rico Eltjuan Drakes ("Mr. Drakes"), is proceeding *pro se*.  Mr. Drakes initiated this action on September 30, 2010.  (Doc. 1).

Pending before the court is Defendant Glenwood, Inc.'s ("Glenwood") Motion To Dismiss Pursuant to Rule 12(b)(1) and Alternative Motion To Dismiss Under Rule 12(b)(6) Pursuant to the Doctrine of Judicial Estoppel (Doc. 11) (the "Motion") filed on May 22, 2013.  Glenwood has attached to its Motion  several exhibits that are related to Mr. Drakes 's bankruptcy proceedings.  (Doc. 11-1-11-6).

On May 23, 2013, the court entered a notice and scheduling order (Doc. 12), which converted the Motion to one for summary pursuant to Rule 56 of the Federal Rules of Civil Procedure and gave Mr. Drakes special notice of the requirements

relating to opposing a Rule 56 motion. (*Id.* at 1).  The court also set Mr. Drakes's deadline to file a response for June 24, 2013.

On June 21, 2013, Mr. Drakes filed his opposition (Doc. 15) in advance of his deadline.  Glenwood followed with its reply (Doc. 16) on June 24, 2013. Accordingly, the Motion is now under submission and, for the reasons explained below, is due to be granted in part and termed as moot in part.

## II.  STANDARDS

### A.  Subject Matter Jurisdiction

Unlike state courts, federal tribunals are bodies of limited jurisdiction, meaning that the grounds for the court's jurisdiction must be present at the time the complaint is filed and must be obvious on the face of the complaint.  Fed. R. Civ. P. 8(a); 28 U.S.C. § 1330, *et seq.*  The law is clear that Mr. Drakes, the person seeking to invoke federal jurisdiction in this case, has the burden to demonstrate that the court has subject matter jurisdiction.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 56 S. Ct. 780, 782, 80 L. Ed. 1135 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case.").

Further, lack of subject matter jurisdiction cannot be waived or expanded by judicial interpretation, and a jurisdictional deficiency can be raised at any time by

either the parties or the court. *See, e.g., Sosna v. Iowa*, 419 U.S. 393, 398, 95 S. Ct. 553, 556-57, 42 L. Ed. 2d 532 (1975) (citation omitted) ("While the parties may be permitted to waive nonjurisdictional defects, they may not by stipulation invoke the judicial power of the United States in litigation which does not present an actual 'case or controversy,' and on the record before us we feel obliged to address the question of mootness before reaching the merits of appellant's claim."); *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17-18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951) ("The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties.").

B.   **Summary Judgment**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R . Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to 'come forward with specific facts showing that there is a genuine

issue for trial.'" *International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1274 (11th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

Finally "[i]f the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *International Stamp*, 456 F.3d at 1274 (citing *Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)).

## III. ANALYSIS[1]

The Motion is legally premised upon lack of standing due to Mr. Drakes's status as a Chapter 7 debtor under the Bankruptcy Code and, alternatively, upon the defense of judicial estoppel due to Mr. Drakes's failure to disclose his claims against Glenwood in his personal bankruptcy proceedings.

### A. Mr. Drakes Lacks Standing To Pursue This Action.

As Glenwood correctly contends, Mr. Drakes lacks standing to pursue this lawsuit on account of his undisputed status as a Chapter 7 debtor under the

---

[1] Given the nature of this court's ruling on summary judgment, it elects not to recite a separate statement of facts.

Bankruptcy Code[2] and the uncontested pre-petition nature of his cause(s) of action alleged against Glenwood. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

The Supreme Court of the United States has just this week elaborated upon several principles pertaining to the constitutional doctrine of standing:

> Article III of the Constitution confines the judicial power of federal courts to deciding actual "Cases" or "Controversies." §2. <u>One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so</u>. This requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560–561 (1992). In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm. "The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements." *Diamond, supra*, at 62.
>
> * * *
>
> Most standing cases consider whether a plaintiff has satisfied the requirement when filing suit, <u>but Article III demands that an "actual

---

[2] The record establishes that Mr. Drakes filed for Chapter 7 bankruptcy protection on May 14, 2013, which postdates the filing of this lawsuit by several years. (Doc. 11 at 3 ¶ 11); (*see also* Doc. 11-4 at 2 (reflecting "*Date filed: 05/14/2013*")).

controversy" persist throughout all stages of litigation. *Already, LLC v. Nike, Inc.*, 568 U. S. \_\_\_, \_\_\_ (2013) (slip op., at 4) (internal quotation marks omitted).

*Hollingsworth v. Perry*, \_\_\_ U.S. \_\_\_, \_\_\_, 2013 WL 3196927, at *6 (June 26, 2013) (emphasis added).

The Eleventh Circuit has made it clear that, "a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (emphasis added); *see also Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003) (stating that "[o]nce an asset becomes part of the [Chapter 7] bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor . . . ." (citing 11 U.S.C. § 554)).

"To have standing, a litigant must seek relief for an injury that affects him in a 'personal and individual way.'" *Hollingsworth*, 2013 WL 3196927, at *7 (quoting *Defenders of Wildlife*, 504 U.S. at 560 n.1, 112 S. Ct. at 2136, n.1). Thus, although Mr. Drakes had standing to bring this action against Glenwood initially, once he sought Chapter 7 bankruptcy protection, he no longer "possess[ed] a 'direct stake in the outcome of th[is] case[,]'" *Hollingsworth*, 2013 WL 3196927, at *7 (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997)). Instead, he lost

his "judicially cognizable interest" in this lawsuit's potential value as an unsecured asset to the Chapter 7 trustee. *Hollingsworth*, 2013 WL 3196927, at *8.

As the Eleventh Circuit analyzed standing in a more factually and procedurally comparable unpublished opinion:

> Before we can reach the merits of Baxley's employment claims, we must determine whether Baxley has standing to bring these claims. <u>We find that Baxley is without standing to pursue the instant claims because her employment claims are property of her Chapter 7 bankruptcy estate</u>. The cause of action underlying Baxley's employment claims arose on the date of her termination, August 22, 2003. Baxley filed her Chapter 7 bankruptcy petition on October 14, 2003, almost two months later. At this time, Baxley's employment claims became property of the bankruptcy estate.
>
> "Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004) (citing *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003)). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy code." *Id.* (citing 11 U.S.C. § 554).
>
> In this case, Baxley's discrimination claim became an asset of the bankruptcy estate when she filed her bankruptcy petition. Regardless of Baxley's intentions or reasons for failing to disclose her employment claims on the bankruptcy schedules, Baxley's non-disclosed employment claims remain property of the estate. <u>Additionally, there is no evidence that the trustee, the real party in interest in Baxley's discrimination suit, ever abandoned this claim.</u> Thus, Baxley has no standing to bring the instant employment claims. *Parker*, 365 F.3d at 1272.

7

> We accordingly affirm the district court's order granting summary judgment for Pediatric Services.

*Baxley v. Pediatric Services of America, Inc.*, 147 Fed. App'x 59, 60-61 (11th Cir. 2005) (emphasis added).

Here, akin to *Baxley*, there is no evidence that the Chapter 7 trustee has abandoned Mr. Drakes's employment discrimination claim. Also, in contrast to *Parker*, the Chapter 7 trustee has not "moved to intervene in this case or, alternatively, for substitution as the real party in interest." 365 F.3d at 1270. Accordingly, consistent with the above analysis, the jurisdictional portion of the Motion is due to be granted as the record confirms Mr. Drakes lacks the power to prosecute this action against Glenwood because he has lost his standing as the real party plaintiff in interest.

### B. The Court Does Not Reach The Alternative Defense Of Judicial Estoppel.

As the Eleventh Circuit observed in *Parker*:

> Trustee Reynolds concedes that Parker took inconsistent positions in bankruptcy court and district court. <u>Reynolds argues that Parker's inconsistent statements should not be attributed to him and that, even if judicial estoppel would bar Parker, it should not bar Reynolds from pursuing this claim on behalf of Parker's creditors</u>. Reynolds contends that judicial estoppel should not apply to him, as bankruptcy trustee, because he did not know of the discrimination claim during the bankruptcy proceedings and, therefore, did not take inconsistent positions in the courts. Moreover, Reynolds posits that applying judicial

estoppel to him would not serve the policy of encouraging honest disclosure to the courts because Reynolds was never dishonest with the courts.

The correct analysis here compels the conclusion that judicial estoppel should not be applied at all. Moreover, based on our analysis which follows, it is questionable as to whether judicial estoppel was correctly applied in *Burnes*. The more appropriate defense in the *Burnes* case was, instead, that the debtor lacked standing.

*Parker*, 365 F.3d at 1271-72 (emphasis added).

Therefore, consistent with *Parker*'s guidance, the court does not decide the merits of Glenwood's affirmative defense of judicial estoppel[3] and rather grants the Motion on jurisdictional grounds only. *See also Baxley*, 147 Fed. App'x at 61 n.1 ("Because Baxley has no standing to bring her employment claims against Pediatric Services, we need not reach the issue of judicial estoppel as raised in the parties' briefs and addressed by the district court.").

## IV. CONCLUSION

Accordingly, the Motion is due to be granted solely for lack of subject matter jurisdiction and otherwise is due to be termed as moot.

---

[3] The court notes that, even if the doctrine of judicial estoppel appropriately applies, the scope of such a defense would not affect Mr. Drakes's efforts to obtain prospective injunctive relief regarding Glenwood's employment practices. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1289 (11th Cir. 2002) ("We decide, then, that the important and necessary reasons that bar Billups' monetary claims do not affect his efforts to change, through injunctive relief, Pemco's employment practices.").

9

**DONE** and **ORDERED** this the 28th day of June, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge